# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OnePoint Solutions, LLC,                          Civ. No. 19-465 (PAM/BRT)

                Plaintiff,

v.                                                                    **ORDER**

MPay, Inc.,

                Defendant.

_____

This matter is before the Court on Defendant MPay, Inc.'s Motion to Dismiss. Because this Court lacks subject-matter jurisdiction, the case must be dismissed.

The dispute in this matter involves software source code for payroll systems. Twenty years ago, Defendant MPay, Inc. and several other entities formed Plaintiff OnePoint Solutions, LLC, to license a payroll software called Millenium from MPay. MPay is a Massachusetts corporation with its principal place of business in North Carolina. The other members of OnePoint are Pennsylvania, Georgia, California, and Nevada corporations. OnePoint is a Minnesota limited-liability company with its principal place of business in Georgia.

OnePoint now alleges various breaches of the parties' agreements. Its claims arise under state law, and thus federal jurisdiction depends on diversity of citizenship. 28 U.S.C. § 1332(a). Diversity jurisdiction in turn requires that all plaintiffs are of different citizenship than all defendants. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). A limited-liability company's citizenship is the citizenship of each of its members. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

MPay is both a member of Plaintiff OnePoint and a Defendant. This means that there is a Plaintiff with Massachusetts/North Carolina citizenship and a Defendant with the same citizenship. OnePoint contends that the Court should find that diversity jurisdiction nonetheless exists. But see Noah's Ark Processors, LLC v. Elliott, No. 17cv1602, 2017 WL 8944025, at *1 n.1 (D. Minn. May 25, 2017) (R&R of Schultz, M.J.) (finding no complete diversity in lawsuit between LLC member and the LLC). According to OnePay, this avoids the "anomalous result" that diversity never exists in any case in which an LLC's member sues the LLC or vice versa. (Pl.'s Opp'n Mem. (Docket No. 37) at 10.) But the result is not anomalous. Diversity jurisdiction merely requires that any such lawsuits that raise only state-law issues be filed in state court rather than federal court.

OnePoint concedes that complete diversity does not exist in this case. (Id.) The Court thus lacks subject-matter jurisdiction over the matter. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Dismiss (Docket No. 23) is **GRANTED**; and

2. This matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 12, 2019

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge